TALIAFERRO, Judge.
Plaintiff, alleging ownership and possession of Lot No. 8 of the partition of the estate of Alphonse J. Laborde and Alice Bonnette Laborde, .his wife, both deceased, situated in Ward Two of the Parish of Avoyelles, Louisiana, instituted this action, a jactitation suit, against the defendant, Gilbert Gagnard, wherein he alleges that said Gagnard had slandered his title to the land by claiming to be the owner thereof by virtue of, and having caused to be registered in the official records of said parish, an act of sale from Mrs. Mudie Virginia Laborde and her husband, Theodore Bou-dreau, of date January 11, 1943.
Plaintiff further alleged that he acquired said land from Mrs. Mudie Virginia La-borde, wife of Theodore Boudreau, by virtue of an act of sale signed by her on April IS, 1939, which was registered m the records of Avoyelles Parish in Alienation Book A-90, Folio 625, on May 9, 1939.
Plaintiff prayed that defendant be ordered to either disclaim title to the land or assert herein such rights as he may have therein or thereto; and, finally, that he be decreed owner of the land and that the purported deed to defendant be canceled from the records.
Answering, defendant asserts superior title to the property involved herein under the deed to him from Mrs. Boudreau, and attacks the deed to plaintiff by her as being a forgery. While he denies plaintiff’s possession of the land he does not assert possession in himself.
Defendant attempted to call his vendor, Mrs. Boudreau, in warranty through appointment of a curator ad hoc and prayed for judgment against her under the covenant of warranty in her deed to him, for the price of said sale, plus taxes, in the event there should be judgment herein for plaintiff.
The curator ad hoc appointed by the Court to represent Mrs. Boudreau excepted to the jurisdiction of the Court ratione personae on the grounds that she is a resident of the County of Eddy, in New Mexico, and has lived there for several years. The exception was referred to the merits of the case.
There was judgment in favor of plaintiff, decreeing him to be the owner of the land, and against Mrs. Boudreau in favor of the defendant on the call in warranty. Only the defendant appealed.
The answer converted the suit into a petitory action and shifted to defendant the burden of proof.
The evidence adduced on the trial was not reduced to writing. Counsel for the plaintiff and the defendant subscribed to an agreed statement of facts that briefly gives the substance of the testimony of the witnesses who testified in the case and enumerates the documentary evidence introduced. This statement of facts plus the deposition of Mrs. Boudreau, taken in New Mexico, provides the evidence upon which *115 this Court must act in considering the case and rendering judgment therein.
As appéars from the foregoing resume of facte, plaintiff and defendant both assert title from Mrs. Boudreau. Both have titles from her that are in notarial form. Plaintiff’s is first in date and registry. The only question necessary to decide is whether the signature of Mrs. Boudreau on the deed to plaintiff is genuine or is a forgery. It is not denied that she signed the deed to the defendant. There is no issue in the case dependent upon prescription of any character.
There is no testimony, nor proof of any other character, in the record except that of Mrs. Boudreau, which to any extent assails the genuineness of her signature to the deed under which plaintiff holds. She testified positively that she did not sign the deed, and, ■ further, was not within the State of Louisiana at any time during the year 1939. The instrument purports to have been executed before a Deputy Clerk of the Court in Avoyelles Parish; in the presence of two attesting witnesses. It is also signed by the plaintiff herein. The deed running to defendant was signed at Mrs. Boudreau’s residence in New Mexico.
Plaintiff is a brother of Mrs. Boudreau. A son and daughter of his testified that they were well acquainted with Mrs. Bou-dreau’s handwriting, having often seen her write and sign her name, and were certain that her signature to each deed was genuine. A daughter-in-law testified to the same effect, although she admitted she had never seen Mrs. Boudreau write and sign her name but had received many letters and cards from her and recognized the signatures on the deeds to be in the same handwriting as was the mentioned letters.
There are in evidence signatures of Mrs. Boudreau other than those on the photostatic copies of the deeds to plaintiff, and to the defendant. All of these signatures bear a striking resemblance to each other, and standing alone we would judge them to have been written by the same person.
Evidently, Mrs. Boudreau has forgotten that she executed the deed to plaintiff. The trial judge, who no doubt, knows well the parties to this suit, and the witnesses who gave testimony in the trial, reached the conclusion that the deed to plaintiff bears Mrs. Boudreau’s genuine signature. Surely, there is no manifest error in his ruling; but, on the contrary,, the ruling is manifestly correct.
The burden rested upon defendant to prove that the deed to plaintiff was a forgery. Civil Code, Article 2236. He did! not offer as witnesses, to support the-charge of forgery, the testimony of either of the attesting witnesses to the instrument, nor did he call as a witness the Deputy Clerk before whom the act was supposed to have been passed. The implication arises that these persons would not have testified favorably to defendant.
The effect of ,a notarial act that bears upon its face all the indicia necessary to give it the appearance of genuineness, may not be lightly brushed aside. Surely,, more than the bare, unsupported testimony of the grantor is needed to strike it down.
The judgment against the warrantor,. Mrs. Boudreau, is not before us.
For the reasons herein assigned, the-judgment from which appealed is affirmed.. And, accordingly, plaintiff, Preston J. La-borde, is hereby recognized as the owner and entitled to the possession of the following described lands, involved in this, suit, situated in the Parish of Avoyelles,, State of Louisiana, to-wit:
“A certain tract or parcel of land situated, lying or being in the upper part of the Avoyelles Prairie in the Second Ward', of the Parish of Avoyelles, Louisiana, being Lot No. Eight (8) drawn by Mudie-Virginia Laborde, wife of Theodore Bou-dreau, in the partition had among the heirs-of Alphonse J. Laborde and Alice Ben-nette, his wife, both deceased; said partition being of record in Conveyance Book A-13, Page 383 of the Records of Avoy-elles Parish, Louisiana.
“Said lot being bounded on the North by Lot No. Nine (9) allotted to James La-borde, now belonging to the Federal Land Bank, on the South by Lots Six (6) and! Seven (7) allotted to Phanor Laborde and Mrs. Bertha Laborde, but presently belong *116 ing to Preston Laborde, Webster Perlin, respectively, and Robert P. Voinche formerly on the East by Preston Laborde and on the West by Nestor Brouillette.”
Defendant is cast for all costs.